## JACOB ARNWINE *v.* JOHN A. CARROLL.

On a promise, by A., in consideration of receiving a deed for land from B., to pay C.
a certain sum on the death of B., a suit at law seems to be the proper remedy of C·
If it be a trust, it is an express trust, and a writing showing it would be necessary.

*Semble:* that if the object of B. was, to provide means for C. in such way that he
could not squander them and his creditors could not reach them, C. could not en-
force the payment to him; for that would defeat the grantor's object.

The case made by the bill is shortly this: that Elizabeth
Arnwine, the complainant's mother, widow of John Arnwine,
deceased, the complainant's father, she being, also, the grand-
mother of the defendant, on the 15th of December, 1830, con-
veyed to the defendant a tract of land in the County of Hunter-
don, for the consideration expressed in the deed of $2000.
That the defendant had always lived with the said Elizabeth,
and she had great confidence in him, and accordingly made
him the said deed, but with the express agreement and
understanding that he, the said John A. Carroll should pay
to the complainant, upon and after the death of the said Eliz-
abeth, the sum of $2000 in such sums and at such times
as the complainant might require; which said promise and
agreement was the only consideration for the said deed; no part
of the said consideration having ever been paid by the defendant.
And that, on the making of the said deed, the defendant made
and executed a lease to the said Elizabeth of the premises so
conveyed to him, giving her the use thereof during her natural
life; and the said Elizabeth continued to reside upon the said
property, and to receive the rents, issues and profits thereof,
until January, 1837, when she died; and that on her death bed,
and shortly before she died, the said Elizabeth called upon the
said John A. Carroll to remember his promise to pay the com-
plainant the said sum of $2000; and that the said John A. Car-
roll, at that time, again promised her to pay the complainant the
said sum, so as aforesaid. That the said Elizabeth, by her last

will, with the exception of the sum of $5 to each of her children, bequeathed and devised the whole of her property to the said John A. Carroll.

That, after the death of. the said Elizabeth, the complainant applied to the defendant for the payment of the said sum of $2000 ; and that the defendant, when first so applied to, did not deny his liability to pay the same, but objected to the payment at that time because of the *caveat* filed against the will of the said Elizabeth, and promised payment of the same to the complainant when the will should be admitted to probate ; and that the defendant did, at divers times, furnish to the complainant grain, and pay money for the complainant, at his request, within six years prior to the filing of the bill, as part payment of and on account of the said sum to be paid by him to the complainant for and in consideration of the said conveyance by the said Elizabeth to the defendant.   That the said conveyance by the said Elizabeth to the defendant was made for the purpose of securing to the complainant the said sum of $2000 for the use and support of the complainant, he being indebted to divers persons, and being of an improvident nature and disposition.   That the value of the land, at the death of the said Elizabeth, was $6000.

The defendant, in his answer, admits the deed to him ; and that the land was worth $6000 at the time of the death of the said Elizabeth ; but denies that the said deed was executed in order to secure to the complainant, for his use and support, or for any such purpose, the said $2000, or any other sum ; and denies that there ever was, at any time, any understanding or agreement, express or implied, between the said Elizabeth and him, that he should pay to the complainant, in such sums and at such times as the complainant might require, or in any other manner, upon and after the death of the said Elizabeth, or at any other time, the said sum of $2000 or any other sum ; and denies that any such promise or agreement was made as the consideration for the said deed.

He denies that he took the said tract of land in trust to hold the same for the use and benefit of the complainant, to the ex-

tent of $2000, or upon any other trust to pay any sum to the complainant, or upon any trust whatever, but that he took the same absolutely in fee, to himself, his heirs and assigns forever.

He admits that the said Elizabeth brought him up, and had great affection for him ; and held him in great confidence and esteem ; and admits that, at the time of the taking of the said deed, he executed a lease to the said Elizabeth for the premises, giving her the use thereof during her natural life.; and that the said Elizabeth continued to reside upon the premises until her death, on the 16th of January, 1837.

He says, that he continued to reside with the said Elizabeth, and farmed the said premises, and took care of and supported the said Elizabeth, who was aged and infirm, until her death, and received the rents, issues and profits of the premises, except what was necessary for the support and maintenance of the said Elizabeth.

He admits, that the said $2000 was not all paid by him to the said Elizabeth ; but says, that, at the execution of the deed, he paid a small sum to the said Elizabeth, the amount of which he does not remember, as part of the consideration of said deed.

He says, that the true consideration of the deed was the love and affection which the said Elizabeth had for him and her desire to provide for his welfare ; that it was the intention of the said Elizabeth to give the said premises wholly and exclusively to him ; reserving to herself the use thereof during her life ; and that, fearing that a devise thereof to him might be subject to legal difficulties and controversies, she conveyed the premises to him, and took from him a lease for her natural life. He admits that the premises, at the time of the said conveyance, were worth $4,500 ; and says, that, after the said conveyance to him, and before the death of the said Elizabeth, he erected new buildings, and repaired the old ones, and the fences, on said premises, so that they were greatly increased in value at the time of the death of the said Elizabeth.

He denies that the said Elizabeth, on her death bed and shortly before she died, or at any other time, called upon him to remember any promise by him to pay the complainant $2000, or any

other sum; and denies that at that time he again promised, or ever promised the said Elizabeth to pay the complainant the said sum, or any other sum; and denies that he, at that time or ever, agreed with or acknowledged to the said Elizabeth, that he was to pay the complainant, in consideration of the said conveyance, or for any other consideration, the said sum, or any other sum, or that he ever acknowledged any such trust reposed in him by the said Elizabeth, and agreed to execute the same.

He admits the contents of said Elizabeth's will as stated in the bill.

He denies that the complainant ever applied to him for the payment of said $2000, or that he ever, tacitly or otherwise, admitted his liability to pay the same, or that he ever promised the complainant to pay the same to him, or any part thereof; and denies that he, at divers times or at any time, furnished grain or paid money to the complainant, at his request or otherwise, either within six years last past or at any other time, as part payment of and on account of the said sum of $2000.

He says, that, to the best of his recollection, the complainant never mentioned to him that he claimed the said sum, or any other sum, from him, until lately; and that always, whenever the complainant mentioned the subject, this defendant denied all liability to pay the same or any part thereof. That the complainant never requested this defendant to pay him any grain or money as part payment, or on account of the said sum of $2000. That, about four years ago, he did let the complainant have a small quantity of grain; but it was upon an express contract, made at the time, that the complainant, in consideration thereof, would work for this defendant, the next following spring, sufficient to pay for the said grain; and that no allusion was made at that time, by either the complainant or this defendant, to the said sum of $2000.

He denies that he ever admitted to any person, (&c., as stated in the bill.)

He says, that the complainant, from the time of the death of the said Elizabeth, on the 16th of January, 1837, until about February 1, 1848, never claimed or demanded the said sum, or

any other sum, from him, by virtue of any promise or agreement made by him to the said Elizabeth ; and, therefore, that the claim is stale, and ought to be barred by length of time. He then sets up the statute of limitations; and sets up the " Act. for the prevention of frauds and perjuries ;" and says, that the alleged trust was never manifested or proved by any writing.

Testimony was taken on both sides.

*W. Halsted* for the complainant. He cited 7 *Halst. Rep.* 22 ; 1 *Green's Ch.* 266 ; 9 *Miss. Rep.* 605 ; 2 *U. S. Dig.* 145 ; 4 *Ired.* 390 ; 3 *Munroe,* 17 ; 1 *Dessan. Rep.* 289 ; 1 *Randolph's Rep.* 165 ; 5 *Wend.* 638 ; 3 *Story's C. C. Rep.* 181; 1 *U. S. An. Dig.* 287 ; 7 *Barr's Rep.* 420 ; 23 *Pick. Rep.* 148 ; 1 *Root's Rep.* 455 ; 1 *Sumner's Rep.* 504 ; *Story's Eq. Pl.,* sec. 76 ; 5 *Halst. Rep.* 577 ; 1. *Ves. and Beam,* 30 ; 1 *Kean's Rep.* 672, 683 ; 1 *Story's Eq. Jur.,* sec. 132 ; 2 *Chitty's Eq. Dig.* 1230a ; 1 *Chan. Rep.* 158.

*Wakefield* and *P. D. Vroom* for the defendant.

THE CHANCELLOR. If there was a promise by Carroll, in consideration of receiving a deed for the farm from the widow, to pay the complainant a stipulated sum at her death, a suit at law would be maintainable. Such suit was brought; but the plaintiff was defeated, on the ground that he had made an assignment of all his property for the benefit of his creditors. If he has removed that objection, as, in his bill, he claims to have done, a Court of law is again open to him. There is no more reason for his coming here now than at first, except with a view of avoiding the statute of limitations, on the ground that the transaction created a trust. But it is no more a trust now than it was when the action at law was brought ; and it may well be doubted whether such a promise would create a trust, to be enforced in this Court. Would the grantee hold the land in trust, if he promised, on receiving the deed, to pay a third person a stipulated sum at a future certain or uncertain time ? Would

such promise create a charge upon the land? But, if it would create a trust, it would be an express trust, and writing would be necessary.

If the promise was, to pay the complainant money, from time to time, as his wants might require, as I am disposed to think it was, if there was any promise at all, the bill does not seek this kind of relief; but prays a decree for the payment of the $2000.

Again, if the grantor's object was, to provide means for the complainant in such way that he could not squander them, and, as his counsel have argued, in such way that his creditors could not reach them, the idea that the promise should be made in such way that it could be enforced by any Court seems to be excluded; for, if any claim or right of action that could be enforced, either at law or in equity, were given to the complainant, his creditors could reach the fund arising from it.

And if it was the pleasure of the mother not to put matters in such shape that the complainant could compel any payment from Carroll, but that every thing should rest on his fidelity and discretion, I do not see that this Court should interpose. Certainly a decree for the payment of the whole sum, which is the relief prayed, would defeat the grantor's views. 2 *Story's. Eq. Jur.* 1069, 1070, and notes.

It may further be said that the facts of the case as alleged by the complainant are not so satisfactorily made out as to call strongly for specific performance. The bill will be dismissed.

Order accordingly.